May 5, 2011

The Honorable Jim Jackson
Chair, Committee on Judiciary
   and Civil Jurisprudence
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768

Opinion No. GA-0858

Re: Whether section 271.121, Local Government Code, prohibits a governmental entity from requiring a contractor or other vendor to sign a project labor agreement as a condition of submitting a bid (RQ-0931-GA)

Dear Representative Jackson:

Your predecessor asked whether section 271.121, Local Government Code, prohibits a governmental entity from requiring a contractor or other vendor to sign a project labor agreement ("PLA") as a condition of submitting a bid.[1] Broadly, a PLA is "a multi-employer, multi-union pre-hire agreement designed to systemize labor relations at a construction site." *Bldg. & Constr. Trades Dep't, AFL-CIO v. Allbaugh*, 295 F.3d 28, 30 (D.C. Cir. 2002), *cert. denied*, 537 U.S. 1171 (2003).[2] Section 271.121 of the Local Government Code, entitled "Right to Work," applies to a governmental entity when it procures goods or services, awards a contract, or oversees "procurement or construction for a public work or public improvement." TEX. LOC. GOV'T CODE ANN. § 271.121(a) (West 2005). The section provides that such a government entity: "(1) may not consider whether a vendor is a member of or has another relationship with any organization; and (2) shall ensure that its bid specifications and any subsequent contract or other agreement do not deny or diminish the right of a person to work because of the person's membership or other relationship status with respect to any organization." *Id.* § 271.121(b).

---

[1]*See* Letter from Honorable Todd Hunter, Chair, Committee on Judiciary and Civil Jurisprudence, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas (Nov. 15, 2010), https://www.oag.state.tx .us/opin/index_rq.shtml ("Request Letter").

[2]*Cited in* Letter from Jon Fisher, President of the Associated Builders and Contractors of Texas, to Honorable Todd Hunter, Chair, Committee on Judiciary and Civil Jurisprudence, Texas House of Representatives (Nov. 8, 2010) (attached to Request Letter). *See also N.Y. State Chapter, Inc. v. N.Y. State Thruway Auth.*, 666 N.E.2d 185, 188 (N.Y. 1996) (defining a PLA as "a prebid contract between a construction project owner and a labor union (or unions) establishing the union as the collective bargaining representative for all persons who will perform work on the project"); GSA Rule, 48 C.F.R. § 536.271 (2010) (for purposes of awarding contracts to construct federally-owned facilities, defining a PLA as "an agreement between the contractor, subcontractors, and the union(s) representing workers . . . establishing a framework for labor–management cooperation").

Neither section 271.121 nor any other Texas statute or judicial opinion mentions PLAs, per se. Accordingly, section 271.121 does not expressly prohibit a governmental entity from utilizing a PLA.[3] Nevertheless, the terms of a PLA required as a bid specification could contravene either subsection (b)(1) or (b)(2). Section 271.121(b)(1) plainly prohibits a governmental entity from considering a vendor's memberships or other relationships with organizations in awarding a contract. *Id.* And, while section 271.121(b)(2) prohibits a governmental entity's bid specifications and contracts from "deny[ing] or diminish[ing] the right of a person to work because of the person's membership or other relationship status," the terms of a particular PLA may also prohibit such discrimination. *See, e.g., Laborers Local No. 942 v. Lampkin,* 956 P.2d 422, 428 (Alaska 1998) (PLA providing that "selection of applicants for referral to jobs shall be on a non-discriminatory basis . . . and shall not be based on, or in any way affected by, union membership, or the lack thereof").

Whether a PLA's terms violate section 271.121 is a fact question that will depend on the PLA's specific terms and would involve the investigation and resolution of facts beyond the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0637 (2008) at 5 (investigation and resolution of facts are outside the scope of the opinion process).

---

[3]If section 271.121 of the Local Government Code were construed as flatly prohibiting PLAs, it would raise a question of federal preemption. *See Ohio State Bldg. & Constr. Trades Council v. Cuyahoga Cnty. Bd. of Comm'rs,* 781 N.E.2d 951, 970 (Ohio 2002) (holding that the National Labor Relations Act ("NLRA") preempts a state statute that flatly prohibited utilizing project labor agreements on public works projects). *See generally Bldg. & Constr. Trades Council of the Metro. Dist. v. Associated Builders & Contractors of Mass./R.I., Inc.,* 507 U.S. 218, 230 (1993) (discussing exception in NLRA for pre-hire project labor agreements historically utilized in the construction industry, which a state may utilize in its proprietary capacity).

## S U M M A R Y

        Whether a project labor agreement's terms violate section 271.121, Local Government Code, is a fact question that will depend on the terms of the specific agreement and would involve the investigation and resolution of facts beyond the opinion process.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee